IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHELIA K. STRICKLAND                                                                                         PLAINTIFF

vs.                                              Civil No. 2:21-cv-02117

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shelia K. Strickland ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed her disability application on October 31, 2018. (Tr. 16).[1] In this application, Plaintiff alleges being disabled due to back pain, sciatica, Graves disease, chronic fatigue, stage 3 renal failure, rheumatoid arthritis, high blood pressure, anxiety, irritable bowel syndrome, and blocked neck arteries. (Tr. 183). Plaintiff alleged an onset date of May 24, 2018.

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself, not the ECF page number.

1

(Tr. 16). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 110-155). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.*

On October 13, 2020, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 16-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2023. (Tr. 18, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 24, 2018, her alleged onset date. (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, major joint dysfunction, depression, anxiety, and somatic symptom and related disorders. (Tr. 19, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 22-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except could occasionally stoop and crouch and limited to simple, routine, repetitive tasks with simple, direct, and concrete supervision. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 27, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform work existing in significant numbers in the national

economy, considering her age, education, work experience, and RFC. (Tr. 28, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative sedentary, unskilled occupations such as the following: small products assembler with 320,400 such jobs in the national economy, merchandise marker with 121,300 such jobs in the national economy, and routing clerk with 104,000 such jobs in the national economy. (Tr. 28). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 24, 2018 through the date of the ALJ's decision or through October 13, 2020. (Tr. 29, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On April 21, 2021, the Appeals Council denied this request for review. (Tr. 1-6). On June 25, 2021, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred at Step Two of the determination; (C) the ALJ erred in the RFC finding; and (D) the ALJ improperly evaluated her credibility.  ECF No. 13 at 5-19.  Because this Court finds the ALJ erred at Step Two of the determination, the Court will only address the final issue for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'"  *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleges the Administrative Law Judge erred at Step Two by failing to find Plaintiff's Stage 4 chronic kidney disease and coronary artery disease as severe impairments. ECF No. 12. Plaintiff set forth evidence of kidney disease based on lab testing and imaging reports. (Tr. 514, 532, 543, 545, 547, 552, 779, 781, 870, 877, 891, 895, 905). The same is true for coronary artery disease. (Tr. 597, 600, 603, 608)

Despite these diagnosed impairments and Plaintiff's alleged limitations resulting from those impairments, the ALJ did not find Plaintiff suffered from the severe impairment of either kidney disease or coronary artery disease. (Tr. 19, Finding 3). As a result, the ALJ also provided no limitations in the RFC determination for these impairments. (Tr. 22, Finding 5).

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon her allegations and these medical records, Plaintiff has presented sufficient evidence demonstrating her kidney disease and coronary artery disease meet that standard. Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

4. <u>Conclusion</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.   *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 22nd day of July 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE